552 So.2d 1328 (1989)
STATE of Louisiana
v.
Glenn D. RANKINS.
No. 89-KA-298.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Martin E. Regan, Jr., New Orleans, for defendant-appellant, Glenn D. Rankins.
William C. Credo, III, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for State.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Glenn D. Rankins, charged by bill of information with seven counts of distribution of cocaine and marijuana under LSA-R.S. 40:966 and 40:967, pled guilty on December 12, 1988, to three counts of distribution of cocaine. As a result, he was sentenced on that date to twenty years imprisonment at hard labor on each count, to run concurrently.
On April 17, 1989, counsel for Rankins, filed a motion to withdraw the guilty plea and a motion for appeal.
The appeal is untimely under LSA-C. Cr.P. art. 914, which states:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
In State v. Counterman, 475 So.2d 336 (La.1985), our Supreme Court stated:
... when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court.
... because the conviction and sentence became final when the defendant failed to appeal timely. After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.
Under State v. Counterman, supra, the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal after the expiration of legal delays provided in Article 914 is an application for post conviction relief pursuant to Articles 924-930.7. The trial court may reinstate the defendant's right to appeal by granting post conviction relief should he so apply. See also State v. Anderson, 537 So.2d 872 (La.App. 5 Cir.1989).
For the foregoing reasons, the appeal is dismissed and the case remanded to allow defendant to seek reinstatement of his right to appeal.
*1329 APPEAL DISMISSED; CASE REMANDED.