J2GOTHARD, Judge.
On May 5, 1994, the Jefferson Parish Grand Jury filed a bill of indictment charging defendant Rene Rolland with aggravated rape, a violation of La.R.S. 14:42. At his arraignment on June 17, 1994, defendant pled not guilty. Subsequently, on August 22, 1994, defendant withdrew his not guilty plea and, pursuant to a plea bargain, pled guilty to one count of forcible rape, a violation of La.R.S. 14:42.1, and one count of aggravated incest, a violation of La.R.S. 14:78.1. On the same day, the court, in accordance with the plea bargain, sentenced defendant to forty years at hard labor for the forcible rape (two years of which were to be served without benefit of parole, probation, or suspension of sentence) and twenty years at hard labor for the aggravated incest. The court further ruled that the sentences were to run concurrently and that defendant was to receive credit for time served.
hQn November 8, 1995, defendant filed a motion for appeal. The trial court granted the appeal motion the same day. Later, on November 11, 1995, the court dismissed all pending motions in the case.
From our review of the record, we conclude that defendant’s appeal is untimely. La.C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In State v. Counterman, 475 So.2d 336 (La.1985), the Louisiana Supreme Court stated:
[W]hen a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction ... but because the conviction and sentence became final when the defendant failed to appeal timely. After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.
Id. at 338 (citation omitted) (footnote omitted).
In the instant case, the record reveals that defendant did not move orally for an appeal. Defendant’s written motion for appeal was filed nearly three months after he was sentenced, well beyond the five day period mandated by La.G.Cr.P. art. 914. In addition, the record does not contain a ruling by the trial court on a motion to reconsider sentence. Thus, La.C.Cr.P. art. 914(B)(2) is inapplicable to |4this situation. Based on the foregoing, we hold, pursuant to La.C.Cr.P. art. 914 and Counterman, swpra, that defendant’s appeal is untimely and thus is not properly before the court.
Under these circumstances, the “appropriate procedural vehicle for a defendant to seek the exercise .of his right to appeal ... is an application for post conviction relief pursuant to” La.C.Cr.P. arts. 924-930.7. State v. Rankins, 552 So.2d 1328 (La.App. 5th Cir.1989). Therefore, we dismiss the appeal and remand the case to allow defendant to seek reinstatement of his right to appeal.
APPEAL DISMISSED; CASE REMANDED.