688 So.2d 123 (1997)
STATE of Louisiana
v.
Kerry JACKSON.
No. 96-KA-783.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Parish of Jefferson, Gretna, for Plaintiff/Appellee.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Board, Gretna, for Defendant/Appellant.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
In this criminal matter defendant, Kerry Jackson, was charged by bill of information filed on October 3, 1995, with aggravated battery in violation of LSA-R.S. 14:34. He was tried by a jury and found guilty as charged on April 3, 1996. Subsequently, on May 15, 1996, he was sentenced to serve sixty-six months at hard labor. On the same day the state filed a bill of information charging Jackson as a second offender pursuant to LSA-R.S. 15:529.1, to which the defendant entered a plea of not guilty. Subsequently, on June 19, 1996, Jackson withdrew his not guilty plea and entered a plea of guilty to the charges contained in the multiple offender bill of information. The trial court vacated the original sentence and resentenced the defendant to serve eight and one-half years at hard labor without benefit of parole, probation or suspension of sentence, giving credit for time served. Jackson now comes before this court on original appeal.
The conviction on the aggravated battery charge resulted from testimony at trial by defendant's former girlfriend, Veronica Bartholomew, who testified that Jackson hit her repeatedly with a cast on his arm and pushed her head into a concrete wall. The altercation occurred in the parking lot of the Piggly Wiggly Store in Gretna, Louisiana and was witnessed by Ms. Bartholomew's daughter, Kim Halstead, as well as another shopper.
In brief to this court, defense counsel seeks a review of the record for errors patent in accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 *124 (1967) as interpreted by the Fourth Circuit in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and adopted by this court in State v. Bradford, 95-929, 95-930, (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, and moves to withdraw. In the motion to withdraw, defense counsel asserts that a thorough examination of the record for non-frivolous issues which might arguably support an appeal was conducted and none were found. Defense counsel notified defendant of his right to file a pro se brief in this matter. No such brief was filed by defendant.
In accordance with the procedure set forth in State v. Benjamin, supra, we have conducted a review of the record for errors patent and note several errors, none of which require reversal.
Initially we note that the defendant was not advised specifically of his right to remain silent at the multiple bill hearing. LSA-R.S. 15:529.1 recognizes that the accused has a right to remain silent in multiple bill hearings and specifically provides that the defendant be advised of his right to a `formal hearing'. Further, the statute implicitly provides that the defendant should be advised of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), writ granted, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1st Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1st Cir.1985); State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir.1993), writ denied, 619 So.2d 576 (La.1993).
At the hearing, appellant's counsel stated the following: "... We're going to stipulate to theto the double-bill without a hearing." Thereafter, the following colloquy took place between the trial judge and the appellant:
THE COURT:
Alright, Mr. Jackson, do you understand that you have the right to go forward on a multiple bill hearing?
MR. KERRY JACKSON:
Yes, sir.
THE COURT:
And that you're, by consenting to it, you're waiving that right?
MR. KERRY JACKSON:
Yes, sir.
THE COURT:
Do you understand that you have the right for an attorney to represent you at that hearing?
MR. KERRY JACKSON:
Yes, sir.
THE COURT:
And that by consenting to it, you're waiving that right?
MR. KERRY JACKSON:
Yes, sir.
The record reflects that defense counsel informed the court that his client wished to plead guilty to the charge and would stipulate to the prior convictions. Although the court did not specifically advise the defendant of his right to remain silent, the trial judge addressed the defendant who stated he agreed with the plea and that he understood his right to a hearing and that he wished to waive the hearing and enter his plea. Under the circumstances of this case we find the defendant intelligently waived his rights and entered the plea of guilty. See, State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir.1993), writ denied, 619 So.2d 576 (La. 1993); State v. Carruth, 94-147, 148 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319.
We also note that the sentence prohibits parole. Neither LSA-R.S. 14:34 nor LSA-R.S. 15:529.1 precludes the possibility of parole. Consequently, we amend the sentence to allow for the possibility of parole. See, State v. Gibson, 596 So.2d 832 (La.App. 5 Cir.1992).
Finally, we note that the trial court failed to advise the defendant of the prescriptive period for post-conviction relief as mandated in LSA-C.Cr.P. art. 930.8(C). Accordingly, the trial court is instructed to inform the defendant of the provisions of this article by sending appropriate written notice to him within ten days of this court's opinion and to file written proof that defendant received such notice.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED *125 AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.