782 So.2d 17 (2001)
STATE of Louisiana
v.
Joseph MUNSON.
No. 00-KA-1238.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
*18 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Frank Brindisi, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, Counsel for the State of Louisiana.
Gwendolyn K. Brown, Baton Rouge, LA, Counsel for defendant-appellant.
Court composed of Judges CHEHARDY, McMANUS and WALTER J. ROTHSCHILD, Pro Tempore.
McMANUS, J.
In this appeal, Defendant Munson challenges the sufficiency of the multiple offender proceedings conducted and further complains of an incomplete sentence on the underlying controlled substance charges. While we affirm the conviction based on Munson's plea of guilty to the multiple offender bill of information, we must remand the matter for sentencing on the underlying counts.

STATEMENT OF THE CASE
This case is before the Court on a second appeal. In his original appeal, Defendant argued that the trial court erred in failing to properly inform him of the allegations and rights in the multiple offender proceeding, as mandated by LSA-R.S. 15:529.1. This Court found merit to the argument and also noticed errors patent on the face of the record in that the trial court failed to impose sentences on two convictions (Counts 3 and 4 of the original bill of information)[1] and failed to give notice of the time period for the filing of post-conviction relief. We originally vacated the Defendant's multiple offender sentence for lack of compliance with LSA-R.S. 15:529.1. This Court also remanded for sentencing on Counts 3 and 4. State v. Munson, 98-441 (La.App. 5 Cir. 11/25/98), 731 So.2d 561 (unpublished opinion).
On February 2, 2000, on remand, the trial court accepted Defendant's admission to being a second felony offender, again vacated the sentence on Count 1 of the original charges, and again imposed an enhanced sentence of 15 years at hard labor. However, it appears from the record that the trial court again failed to impose sentences on Counts 3 and 4 of the original controlled substance counts. The trial court did advise Defendant of the prescriptive period for seeking post-conviction relief.
On April 5, 2000, Defendant filed a motion for appeal which was granted on April 10, 2000.[2]

FACTS
The facts underlying the conviction in this case are not in dispute. On April 9, 1997, April 30, 1997, May 5, 1997, and May 13, 1997, Defendant sold cocaine to an undercover agent. This appeal does not bring into question the facts of the underlying offenses.

*19 ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, Defendant again challenges the sufficiency of the multiple offender proceedings: he argues that the trial court, on remand, failed to properly inform him of the allegations contained in the multiple bill and to inform him of the rights which attach to the attendant proceedings as mandated by LSA-R.S. 15:529.1.
The State responds that the trial judge adequately advised the Defendant of his multiple offender rights because he informed Defendant of the right to remain silent and the right to a hearing, and because he advised Defendant of the allegations in the multiple bill.
Louisiana jurisprudence has consistently held that in a habitual offender proceeding, a trial court must advise a defendant of his right to a hearing at which the State is required to prove the allegations of the multiple bill, and of the right to remain silent. LSA-R.S. 15:529.1D; State v. Johnson, 432 So.2d 815, 817 (La.1983); State v. Jackson, 96-783 (La.App. 5 Cir. 1/28/97), 688 So.2d 123, 124.
In State v. Johnson, 432 So.2d at 817, the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1D as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La. 1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
In this case, counsel for Defendant informed the court that the Defendant wished to stipulate to the information contained in the multiple offender bill. Defendant also specifically recognized that he had a right to a hearing and the right to remain silent, but waived all rights and represented to the court that he was ready to be sentenced. After Defendant's counsel made these stipulations, the trial judge addressed the Defendant as follows:
THE COURT:
All right. Mr. Munson, you have the right to remain silent, you have the right to hearing (sic) and you have an attorney here representing you, Mr. Guy Lillian, who's indicated that you wish to waive your rights to remain silent and the right to a hearing. Is that correct, sir?
THE DEFENDANT:
All said and done.
The foregoing colloquy indicates that the trial judge did inform Defendant of his right to remain silent and of his right to a hearing.
Our multiple offender statute additionally requires that the defendant be advised of the allegations against him. LSA-R.S. 15:529.1D(1)(a). In State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132, the Louisiana Supreme Court affirmed the First Circuit's decision to vacate the defendant's multiple offender status and enhanced sentence because the defendant had not been informed of the allegations in the multiple offender bill of information *20 and of the right to have the State prove the truth of the allegations against him. In Cummings, the State had filed a multiple offender bill of information alleging defendant to be a second felony offender. Defendant initially pled not guilty to the multiple bill, but subsequently admitted that he was a second felony offender. Id. at 1134.
In the instant matter, the Defendant, while acknowledging that counsel offered some admissions regarding the predicate conviction, argues that the law requires a direct exchange between a defendant and the trial judge.
In this case, Defendant, through his counsel Mr. Guy Lillian, made the following statement to the trial court before sentencing under the multiple bill commenced.
MR. LILLIAN
And at this time Mr. Munson will stipulate to the following: He admits, Your Honor, that he is the same person who was charged and has pled guilty in Matter 94-3760 to possession of cocaine, a violation of 40:967.C, that plea coming on May the 16th, 1995.
Based on this representation to the trial court by counsel for the Defendant, it seems clear that the Defendant was well aware of the allegations contained in the multiple bill. Later in the proceedings, the trial judge addressed Defendant as follows:
THE COURT:
The State has filed this multiple-bill alleging that you have a previous felony conviction, namely, that in Matter Number 94-3760 of the Twenty-Fourth Judicial District Court that you pled guilty to a crime of possession of cocaine with the crime occurring on June the 15th, 1994 and the plea being on May the 16th, 1995. And the State has alleged that since you have pled guilty to that crime and it was less than ten (10) years before this crime or this conviction, which was January 21st, 1998, that you are therefore subject to having that sentence enhanced and the range of sentence would be from fifteen (15) years to thirty (30) years.
The foregoing colloquy, delivered by the judge prior to sentencing, indicates that the trial judge did adequately inform Defendant of the allegations which were being admitted.
Therefore, as noted above, the record reflects that the trial judge advised Defendant of his right to a multiple offender hearing and of his right to remain silent. The record also indicates that the Defendant was informed of the allegations in the multiple offender bill of information. Any alleged inadequacies in the colloquy therefore, were overcome by the knowing and intelligent waiver of rights made by Defendant at the multiple offender hearing. See State v. Jackson, 96-783 at 5, 688 So.2d at 124.

ASSIGNMENT OF ERROR NUMBER TWO
As his second assignment of error, Defendant argues that the trial court erred by failing to impose sentences on some of the four original underlying counts. The State acknowledges this error, and we also recognized in our original opinion that the trial court failed to impose sentences on Counts 3 and 4, although Defendant pled guilty to those counts.
The record from the earlier proceedings in this matter shows that the pleas had been accepted, but sentencing delayed. A date had been set for sentencing on these counts, but the record does not show that Defendant was so sentenced.
*21 In our original opinion in this matter, we remanded the case specifically for sentencing on Counts 3 and 4.[3]
On remand, however, it appears that sentencing on these counts is yet unresolved. While the trial court mentions Counts 3 and 4 during the sentencing hearing, it appears that the trial court assumed, or perhaps disremembered, that sentences had previously been imposed on those counts. The mention of Counts 3 and 4 is as follows:
THE COURT
All right, sir. Now, in Matter Number 97-6380 you had tendered a plea of guilty to four (4) counts of distribution of cocaine and I had sentenced you to ten (10) years at hard labor on each count, the sentences to run concurrent with each other (our emphasis).
We also note that the commitment on remand does not set out sentences on Counts 3 and 4. Therefore, we are without any other choice but to remand the matter once again for sentencing on Counts 3 and 4 of the original underlying charges.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and the following is noted.
Defendant was sentenced on February 2, 2000, and filed a motion for appeal on April 5, 2000.[4] Pursuant to LSA-C.Cr.P. art. 914, a motion for appeal must be filed no later than five days after the rendition of the judgment or ruling from which the appeal is taken. In the present case, no oral motion for appeal was made and the motion for appeal was filed two months after sentencing.
Under these circumstances, the "appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal... is an application for post conviction relief pursuant to" LSA-C.Cr.P. articles 924-930.7. State v. Rolland, 96-11 (La. App. 5 Cir. 4/30/96), 673 So.2d 1229, 1230; State v. Rankins, 552 So.2d 1328 (La.App. 5 Cir.1989). In State v. Counterman, 475 So.2d 336 (La.1985), the Louisiana Supreme Court stated:
However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court.
Id. at 338.
However, in the present case, the Defendant acknowledged in his motion for appeal that the appeal sought was an out of time appeal. The motion's delinquency, therefore, was presented to the trial judge, who saw reason to grant Defendant's motion. We see no abuse of discretion.
The record reflects that the trial judge failed to stipulate that Defendant's enhanced sentence would be without benefit of probation or suspension of sentence as required by LSA-R.S. 15:529.1G. However, since the trial court did not affirmatively suspend any portion of the enhanced sentence or impose any probationary period, there was substantial compliance with the sentencing directives of the multiple offender statute. State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, 1240, writ denied, 99-0671 (La.6/25/99), *22 746 So.2d 597; State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 354.
Therefore, for the above reasons, Defendant's conviction and sentence on the multiple offender charge are affirmed. The matter is remanded for sentencing on Counts 3 and 4 of the original underlying felony charges.
MULTIPLE OFFENDER CONVICTION AFFIRMED; REMANDED FOR SENTENCING ON UNDERLYING FELONY CHARGES.
NOTES
[1] The sentence for Count 1 of the original felony bill of information was vacated pursuant to the multiple offender proceedings; Defendant was sentenced to 10 years on Count 2. Defendant does not challenge the conviction on the underlying felonies, nor does he challenge the conviction on the predicate felony, a 1995 conviction for possession of cocaine.
[2] The timeliness of this motion for appeal is discussed as an error patent.
[3] The trial court must impose a separate sentence for each offense of which the defendant was convicted. State v. Bishop, 96-694 (La. App. 5 Cir. 12/30/96), 686 So.2d 1053, 1055.
[4] Defendant's motion for appeal incorrectly states that he was sentenced on February 9, 2000, instead of February 2, 2000.