|,HENRY G. SULLIVAN, JR., Judge Pro Tempore.
Defendant, Dwayne Stansberry, was charged in a bill of information with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. He pled not guilty and proceeded to trial where a twelve-person jury unanimously found him guilty as charged. Defendant’s motion for new trial was denied and he was sentenced to 15 year’s of imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction on the basis of insufficient evidence.

FACTS

At approximately 12:50 p.m. on January 12, 2000, Captain Craig Poche was traveling northbound on LA 44 when he noticed a red vehicle parked in the grass behind the Breezeway Bar, which was closed at that time of day. Captain Poche made a U-turn and went behind the building where he observed a black male, later identified as defendant, slouched down in the driver’s seat. Captain Poche ordered defendant out of the vehicle and asked him what he was doing there. Defendant explained that he was on his way |2to a job interview at Burnside Marine at 11:30 a.m. and had to stop to use the bathroom. He testified that the building was boarded up and he thought it was a “suitable place” to use the bathroom. Captain Poche asked defendant for his driver’s license but defendant was only able to produce a Louisiana identification card. Captain Poche then asked defendant if he knew where he was or what time it was, since it was past the time for defendant’s interview. Defendant replied he did not know where he was but knew Burnside Marine was “up the road.” According to Captain Poche, defendant was jittery during this entire exchange.
Meanwhile, Sergeant Melancon and Deputy Kirklin arrived on the scene. Captain Poche then called a canine unit to the scene to check for other people that may be in or around the building. He testified that a few weeks prior video poker machines had been broken into in a barroom less than a mile down the road. Detective Jordan arrived at the scene with canine approximately 20 minutes later and made a sweep around the building. As Detective Jordan came around the back side of the building and towards defendant, defen *474 dant became more jittery and started moving around and mumbling.
Captain Poche put his hand on defendant’s shoulder and put him against the front of the vehicle at which time he noticed a gun in the ball of defendant’s back by his spine. Captain Poche pushed defendant all the way against the hood of the vehicle and retrieved the weapon which was inside defendant’s pants in a holster clipped to his belt loop. The gun was loaded with seven bullets, one of which was in the chamber. Captain Poche completed a pat down search of defendant and placed him under arrest for illegal possession of a firearm. The charge was upgraded to a convicted [.-¡felon carrying a weapon when it was discovered defendant was a convicted felon.
At trial, defendant admitted having a prior 1990 conviction for possession of cocaine but denied being in possession of the gun and denied any knowledge of the gun. Defendant claimed he did not even see a gun until after the officer patted him down twice. He stated he was nervous when the police arrived because of Captain Poche’s aggressive demeanor.

ANALYSIS

Defendant argues the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon because the State failed to prove he possessed a firearm. Specifically, defendant asserts the testimony of the police officers was not credible. He contends the officers gave differing reports about what he was wearing that day, how the gun was observed and how the gun was retrieved.
The constitutional standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The elements necessary to sustain a conviction under LSA-R.S. 14:95.1 are (1) possession of a firearm, (2) prior conviction for an enumerated felony, (3) absence of the ten-year statutory limitation period, and (4) general intent to commit the crime. State v. Powell, 00 1729 (La.App. 5 Cir. 3/14/01), 783 So.2d 478, 480-481.
Defendant admitted at trial that he had a 1990 conviction for possession of cocaine. Additionally, the State presented the testimony of Ms. Geraldine Sargent, a fingerprint expert, who stated that defendant’s 14fingerprints taken at the current trial matched those on the fingerprint card relating to defendant’s 1990 conviction. The State also introduced evidence showing defendant entered a guilty plea in connection with the 1990 conviction and was sentenced to five years which was suspended in favor of five years of probation. Therefore, the State proved the second and third elements of the offense and the only issue on appeal is whether the evidence sufficiently proved defendant was in possession of the firearm.
The record shows all three police officers testified that a gun was found in the small of defendant’s back. However, defendant alleges the officers’ testimony is not credible because of several discrepancies among their testimonies.
Defendant first asserts the officers disagreed about whether he was wearing a jacket. The record shows Captain Poche testified defendant was not wearing a jacket, but a pullover shirt, and Deputy Kirklin testified defendant was wearing a jacket. Detective Jordan did not remember what defendant was wearing but recalled Captain Poche had to lift up defendant’s clothing to retrieve the gun. Whether defen *475 dant was in fact wearing a jacket on the day in question is irrelevant. It is reasonable to infer from the police officers’ testimony that defendant was wearing some type of clothing that fell outside of his pants, either a jacket or a pullover shirt.
Next, defendant asserts the officers’ testimony differed as to how the gun was observed and retrieved. The record shows Captain Poche testified he first observed the gun when he leaned defendant against the vehicle, prior to the pat down. Deputy Kirklin testified that he did not observe the weapon prior to the pat down because it was under defendant’s jacket. Detective Jordan testified that he observed the gun when Captain Poche lifted up defendant’s clothing. The testimony of the officers is not contradictory. [ sThe officers merely observed the gun at different times. It is reasonable to infer that all three officers may not have been looking directly at defendant’s lower back when Captain Poche leaned defendant against the vehicle. Additionally, Captain Poche was standing directly behind defendant which may have offered him a better view than Deputy Kirklin, who was standing to Captain Poche’s left, and Detective Jordan, who was standing five to ten feet behind Captain Poche.
The discrepancies discussed above are minor. The jury heard all the evidence, including the minor discrepancies among the officers’ testimonies and the defendant’s contradictory testimony. The jury made a credibility determination and chose to believe the officers despite the minor discrepancies among their testimonies. It is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trial court on its factual determination of guilt. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 118, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
In viewing the evidence most favorable to the prosecution, we find the State proved beyond a reasonable doubt that defendant possessed a firearm on January 12, 2000. Accordingly, we find the evidence at trial sufficient under Jackson to support defendant’s conviction.
Additionally, we have reviewed the record for errors patent pursuant to LSA C.Cr.P. art. 920 and find the trial court imposed an illegally lenient sentence under LSA-R.S. 14:95.1(B) because it failed to impose a fine. In addition to prison time, LSA-R.S. 14:95.1(B) requires a fine of “not less than one thousand dollars nor more than five thousand dollars.”
In State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the Supreme Court ruled that the appellate court’s error patent review extends to |fiillegally lenient sentences. The Supreme Court noted that a “defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence” and that “when an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant’s constitutional fights.” State v. Williams, supra at 797-798.
Therefore, we vacate defendant’s sentence and remand the matter for resen-tencing in accordance with the above.

CONVICTION AFFIRMED; SENTENCE VACATED AND MATTER REMANDED FOR RESENTENCING.