845 So.2d 1213 (2003)
STATE of Louisiana
v.
Allen FLETCHER.
No. 03-KA-60.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1215 Anthony G. Falterman, District Attorney, Donald D. Candell, Assistant District Attorney, Gonzales, LA, for State.
*1216 William R. Campbell, Jr., New Orleans, LA, for defendant-appellant.
Allen Fletcher, In Proper Person, St. Gabriel, LA.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
This is defendant's fourth appeal to this Court. On June 3, 1994, the St. James Parish District Attorney filed a bill of information charging defendant, Allen Fletcher, with second degree battery, a violation of LSA-R.S. 14:34.1. On May 8, 1994, Gustavia Lewis was sitting on the hood of a friend's car in the parking lot of the Cool Spot Bar in Vacherie. An individual, unknown to her at the time but subsequently identified as defendant, approached her and said, "Look like you don't want to be bothered with nobody." When Ms. Lewis replied that she did not want to be bothered, defendant cursed at her, spit in her face, and then punched her, causing her to fall back on the car. At that point, Desmond Scineaux, a friend of the victim's, exited the bar, saw what was happening and grabbed defendant. However, a friend of defendant then grabbed Desmond Scineaux, allowing defendant to break free from his hold. Defendant ran over to Ms. Lewis, pushed her to the ground and started kicking her in her face and in the side of her body. Defendant even bit Ms. Lewis' finger during this assault. Eventually, the incident subsided, and the parties went their separate ways. As a result of the defendant's attack, the victim suffered a fractured jaw that required surgery.
Ms. Lewis subsequently identified defendant in a photographic lineup and at trial as the individual who punched and beat her.
In contrast to the testimony of the victim and her witnesses, defendant testified that he approached Ms. Lewis and began talking to her as she sat on top of a car. According to defendant, Ms. Lewis told him that she did not want to be bothered, that she spit in his face, and then grabbed his face and tried to claw him. When he grabbed Ms. Lewis' hand to make her let go, she used her other hand and ripped his shirt. As defendant attempted to break away, he hit Ms. Lewis. Defendant said that Desmond Scineaux then beat him and Ms. Lewis hit him in the head with her shoes.
After considering the evidence presented, the jury found defendant guilty as charged of second degree battery. The State filed a multiple offender bill of information alleging defendant to be a fourth felony offender. After conducting a hearing, the court found defendant to be a fourth felony offender. The court sentenced defendant to life imprisonment without benefit of parole, probation, or suspension of sentence, which defendant appealed.
On June 30, 1997, this Court vacated the defendant's life sentence and remanded for resentencing on the basis that the trial judge had retroactively applied the 1996 amended version of LSA-R.S. 15:529.1, rather than the version in effect at the time the offense was committed, which permitted in some circumstances, but did not require, a life sentence. State v. Fletcher, 97-40 (La.App. 5 Cir. 6/30/97), 698 So.2d 75, not designated for publication.
On April 7, 1998, the defendant was resentenced as a third felony offender to *1217 life imprisonment with benefit of probation, parole, or suspension of sentence. Defendant filed a motion for reconsideration, and after a hearing on September 9, 1998, the trial court vacated the life sentence and resentenced defendant to ten (10) years of imprisonment at hard labor and defendant appealed his sentence again. On June 23, 1999, this Court rendered an unpublished per curiam that "set aside Fletcher's life sentence" and remanded for resentencing, noting only that defendant was improperly sentenced as a fourth felony offender.[1]
After this case was remanded, the State filed a Memorandum in Support of Resentencing Defendant as a Third Felony Offender. On April 3, 2001, the trial judge resentenced defendant as a third felony offender to ten (10) years at hard labor, and defendant appealed again.
On February 26, 2002, this Court "set aside defendant's adjudication as a third felony offender, enter[ed] judgment adjudicating the defendant a second felony offender, and remand[ed] to the trial court for resentencing." State v. Fletcher, 01-809 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010, 1014. The Fletcher court noted that the State could not use two of the three predicates in the multiple bill because to do so would constitute double enhancement. After discussing the applicable cleansing period, the Fletcher court found that only one of the eligible predicates fell within the applicable cleansing period, making defendant a second felony offender.
After remand, the original trial judge was recused pursuant to defendant's motion. On August 19, 2002, the defendant appeared before a different trial judge and was resentenced as a second felony offender to ten years of imprisonment. Defendant made an oral motion for appeal, which the trial court granted, and defendant filed a motion to reconsider sentence, which the trial court denied.
Defendant's appellate counsel filed a brief on the defendant's behalf alleging one assignment of error. Thereafter, the defendant filed a pro se brief alleging three other assignments of error. This opinion addresses all alleged assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends that his ten-year sentence, the maximum term of imprisonment, is constitutionally excessive because it is the very same sentence imposed upon him when he was previously considered to be a fourth felony offender and again when he was considered to be a third felony offender.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 98-1146 (La.App. 5 Cir. 6/1/99), *1218 738 So.2d 640, 655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176.
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. at 64.
Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966 (La. App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
As a second felony offender, defendant faced not less than one-half (1/2) of the maximum sentence of the underlying offense and not more than twice the maximum sentence of the underlying offense. Defendant's underlying offense of second degree battery is punishable by a term of imprisonment of not more than five years. LSA-R.S. 14:34.1. Thus, defendant faced a sentencing range between two and one half (2½) years to ten (10) years of imprisonment. LSA-R.S. 15:529.1(A)(1). (West, 1994).
Before sentencing the defendant, the trial judge stated that he had thoroughly reviewed the record. In fact, the judge stated he reviewed the record twice, once that morning, and again immediately before sentencing the defendant. Thereafter, the judge imposed the maximum ten-year term of imprisonment.[2]
The record reflects that defendant has had a lengthy criminal history, which is demonstrated by the Pre-Sentence Investigation Report (PSI) that was ordered in 1995. Defendant began his adult criminal career one month after his seventeenth birthday in 1977. Additionally, the PSI indicates defendant has been involved in criminal activity at least once a year thereafter, with the exception of periods of incarceration. The PSI also indicates defendant has at least four felony convictions, several misdemeanor convictions, and numerous arrests. And, defendant committed the instant offense while on parole.
The defendant has suggested in the motion to reconsider and on appeal that the sentence is vindictive because he has received the same sentence as previously imposed, despite the fact that his habitual offender status is less. Generally, if a convicted defendant is successful in having his conviction overturned on appeal, and is subsequently re-tried and convicted, the trial judge may not then impose a more severe sentence. North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Thus, if a judge imposes a more severe sentence upon a defendant when he is convicted following a successful appeal, the trial judge's reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The purpose behind this rule is to prevent defendants from being penalized *1219 for having exercised their constitutional rights. Id. The Louisiana Supreme Court has applied the Pearce presumption of vindictiveness when a defendant is resentenced after his conviction is affirmed but the sentence is vacated on appeal. State v. Lucas, 598 So.2d 338 (La.1992).
Defendant is correct in that he has received the same sentence of ten years as a third felony offender and as a second felony offender. However, this can be explained by the fact that, according to the 1994 version of LSA-R.S. 15:529.1(A)(1) and 2(a), the maximum term of imprisonment is the same under LSA-R.S. 15:529.1 for second felony offenders and for the third felony offenders who are not eligible for life sentences. Under that statute, the maximum term of imprisonment cannot exceed the longest term of the underlying offense. The record clearly evidences the sentencing judges' intent to impose the maximum term of imprisonment upon defendant. Every time defendant has been sentenced in this case, it has been to the maximum term of imprisonment that the district court believed was possible. Therefore, the Pearce presumption does not apply in this case because defendant has not received an increased sentence.
Maximum sentences are generally reserved for the most serious violations of the relevant statute and for the worst type of offenders. State v. Stucke, 419 So.2d 939, 947 (La.1982); State v. Taylor, 98-603 (La.App. 5 Cir. 3/10/99), 733 So.2d 77, 82. After thoroughly considering the record, the trial judge obviously concluded that the maximum sentence was justified. The record in this case reflects that defendant beat the victim, a complete stranger, without provocation. He inflicted such severe injuries that the victim's jaw was wired shut, and she could only sip liquids through a tube for two months thereafter.
When reviewing a sentence, the question is not whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. Considering the defendant's lengthy criminal history and the violence of the instant offense, we find the trial judge did not abuse his discretion in sentencing the defendant to the maximum term of ten years. Therefore, we affirm the defendant's sentence of ten years imprisonment.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant contends that the trial judge improperly denied his pro-se motion to reconsider sentence. He contends that the trial judge did not entertain his motion for reconsideration because an appeal had been granted.
The record reflects that defendant filed a timely pro-se motion to reconsider sentence on September 17, 2002, within 30 days of his sentencing on August 19, 2002. The order attached to the motion contains a handwritten notation which stated the motion was denied and it was on appeal at the present time.
According to LSA-C.Cr.P. art. 881.1(B), "the trial court may resentence the defendant despite the pendency of an appeal." (emphasis added). Further, LSA-C.Cr.P. art. 881.1(C) permits the trial court to deny the motion for reconsideration without a hearing. See also LSA-C.Cr.P. art. 916(3), which states that a trial court has jurisdiction to correct an illegal sentence pursuant to a motion to reconsider sentence.
Defendant cites State v. J.R.S.C., 00-2108 (La.6/1/01), 788 So.2d 424, for the *1220 proposition that this Court should remand the case for the district court to consider the defendant's motion for reconsideration of his sentence. In that case, the Louisiana Supreme Court held that a juvenile's motion to modify the judgment of disposition is the equivalent of an adult defendant's motion to reconsider sentence and could be considered even though an appeal was pending.
J.R.S.C. does not compel remand in this case. J.R.S.C. is a very brief per curiam and does not even contain the ruling of the juvenile court judge. To the contrary, in the instant case the trial judge denied the defendant's motion to reconsider sentence, albeit by noting that the case was on appeal. But, nothing in the record reflects that the trial judge did not consider the defendant's motion. In denying the motion, the trial judge obviously did not believe that modification of the sentence was appropriate.
Therefore, we find this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends that he did not receive effective assistance of counsel because his trial counsel did not file a motion to reconsider his sentence.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La. App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993). In the present case, the record is adequate to address defendant's claim in this regard.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. When a defendant raises a claim of ineffective assistance of counsel, that claim is evaluated under the two-prong test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show (1) that defense counsel's performance was deficient, and (2) that the deficiency prejudiced the defendant. To show prejudice under this test, the defendant must demonstrate that the outcome of the trial would have been different, but for counsel's unprofessional conduct. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct at 2064.
There is no indication that defendant's trial attorney was ineffective in not filing a motion to reconsider sentence. As noted above, the defendant filed his own timely motion to reconsider sentence, thereby preserving the claims therein for appeal. Thus, there was no need for defendant's trial attorney to file another motion for reconsideration. We find this assignment of error is also without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In his fourth assignment of error, the defendant contends the trial court erred in imposing the maximum sentence allowed under the law as a second offender, particularly so when considering the exceptionally *1221 unusual nature and circumstances of this case, without any consideration and/or articulation as it relates to justification for this harsh sentence under La.C.Cr.P., article 894.1, and particularly since the original sentencing judge was recused as a result of the appearance of improprieties, allegations of criminal conduct, bias and prejudice towards this appellant.
In his pro se brief, defendant reiterates the claim raised in his counseled brief that his sentence is the product of the trial judge's vindictiveness. That claim has been addressed above.
In addition, defendant complains that the trial judge failed to state reasons for sentencing the defendant pursuant to LSA-C.Cr.P.art. 894.1. This claim was properly raised in defendant's motion for reconsideration as required by LSA-C.Cr.P. art. 881.1.
Article 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis when imposing the sentence. State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175. But, when there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in LSA-C.Cr.P. art. 894.1 does not require a remand for resentencing. State v. Ulmer, 99-1079 (La.App. 5 Cir. 1/25/00), 751 So.2d 1017, 1019; State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082.
Defendant would have this Court believe that the trial judge simply imposed the maximum sentence without any consideration of the facts of the case. Although the judge did not articulate reasons when imposing the ten-year sentence, the judge stated that he had reviewed the record. The evidence presented at trial reflects that the defendant savagely beat Ms. Gustavia Lewis, a woman who was a complete stranger to him. Defendant inflicted such severe injuries that Ms. Lewis' jaw was fractured and had to be wired shut. For two months thereafter, Ms. Lewis could only sip liquids through a straw. The defendant has an extensive criminal record, which is contained in the Pre-Sentence Investigation report.
Based on the foregoing, we find the record contains an adequate factual basis for the sentence such that remand for compliance with LSA-C.Cr.P. art. 894.1 is not required.
Defendant also insinuates that judicial impropriety infected the sentencing process. After this case was most recently remanded, the defendant filed a motion to recuse the original trial judge, the Honorable Alvin Turner, Jr. In the motion to recuse, defendant made several allegations of judicial impropriety against Judge Turner. In his pro se brief, defendant pointed out that Judge Turner recused himself pursuant to defendant's motion. What defendant does not mention, however, is that the order by Judge Turner, granting defendant's motion to recuse, states that the judge recused himself for the sake of judicial economy, not because the grounds of defendant's motion to recuse had any validity. Further, Judge Turner did not sentence defendant. Therefore, this assignment of error is without merit.

ERROR PATENT DISCUSSION
This Court performed an error patent review of the original record in this case at the time of defendant's first appeal, so defendant is only entitled to an error patent review of the record on re-sentencing. State v. Taylor, 01-452 (La.App. 5 Cir. *1222 1/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426. Pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), the record on resentencing, #03-KA-60, was reviewed for patent errors.
It is noted that the defendant's enhanced sentence is illegally lenient because the trial judge failed to specify that the sentence is not subject to probation or suspension of sentence, as required by LSA-R.S. 15:529.1(G) (West, 1994). Under these circumstances, this Court has held that a trial court is in substantial compliance with the sentencing directives of the multiple offender statute if the court does not affirmatively suspend any portion of the enhanced sentence or impose any probationary period, despite the failure to state the above restrictions. State v. Munson, 00-1238 (La.App. 5 Cir. 2/14/01), 782 So.2d 17, 21, and the cases cited therein. Moreover, under LSA-R.S. 15:301.1 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 800-801, which interprets that statute, the sentence is deemed to contain these restrictions. State v. Segura, 02-280 (La.App. 5 Cir. 9/30/02), 829 So.2d 587, 592. Accordingly, no action is required to address the trial court's failure to specify that the sentence should be served without benefit of probation or suspension of sentence.
The sentence is also illegally lenient because the trial judge failed to impose a mandatory fine as provided by LSA-R.S. 14:34.1. When a defendant is sentenced as a habitual offender, "[t]he penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute." State v. Taylor, 99-385 (La.App. 5 Cir. 8/31/99), 743 So.2d 749, 754 (citing State v. Bruins, 407 So.2d 685, 687 (La.1981)).
Because the underlying offense of second degree battery is punishable by a mandatory fine of not more than $2,000, defendant should have been fined when he was sentenced. This Court has recognized that an appellate court has the authority to notice an illegally lenient sentence. State v. Qutoum, 02-780 (La.App. 5 Cir. 1/28/03), 839 So.2d 323, 333 (citing State v. Williams, supra). In some instances, this Court has remanded for resentencing when the sentence lacks a mandatory fine. State v. Qutoum, supra; State v. Lee, 02-704 (La.App. 5 Cir. 12/30/02), 836 So.2d 589, 596; State v. Stansberry, 02-358 (La. App. 5 Cir. 9/18/02), 829 So.2d 472, 475; State v. Clemons, 01-1032 (La.App. 5 Cir. 2/26/02), 811 So.2d 1047, 1050, writ denied, 02-918 (La.11/22/02), 834 So.2d 972. Therefore, we remand this matter for imposition of an appropriate fine.
In accordance with the above, we affirm the defendant's sentence of ten years imprisonment and remand to the district court with instructions to impose the appropriate fine.
SENTENCE AFFIRMED; REMAND WITH INSTRUCTIONS.
NOTES
[1] The record of 99-KA-56 reflects that defendant's previous life sentence was vacated on September 9, 1998, and that a ten-year sentence was imposed. Therefore, it is unclear why the June 23, 1999 per curiam vacates the defendant's life sentence, since the trial court had already vacated that sentence and imposed a new one.
[2] Defendant did not receive the maximum sentence, since a fine could also have been imposed. Considering that the fine was mandatory, as discussed infra, defendant did not receive the maximum sentence.