laWHIPPLE, Judge.
The defendant, Leonard Cummings, was charged by grand jury indictment with distribution of cocaine, in violation of LSA-R.S. 40:967. The defendant pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and the defendant subsequently admitted to being a second felony habitual offender. The defendant received a sentence of fifteen years at hard labor. He has appealed, alleging three assignments of error, as follows:
1. The trial court erred in refusing to grant an extension of time in which to file post-trial motions.
2. The trial court erred in denying the defendant’s motion for post-verdict judgment of acquittal.
3. The trial court erred in denying the defendant’s motion for a new trial.
FACTS
Sometime in the early part of 1993, the West Feliciana Parish Sheriffs Office received information that the defendant was selling narcotics from his residence in St. Francisville. A six-month investigation ultimately led to the defendant’s arrest on June 3, 1993. At approximately 3:00 p.m. on that date, West Feliciana Parish Sheriffs Deputies Ivy Cutrer and Randy Metz dressed in camouflage and positioned themselves in a densely wooded area near the defendant’s house and began a surveillance of the defendant’s activities. The defendant arrived home at approximately 4:30 p.m. and, shortly thereafter, began doing some work in his yard. At approximately 5:30 p.m., a red ear pulled into the defendant’s driveway. The defendant approached and spoke briefly with someone inside the car. The defendant then walked into the wooded area, reached through a wire fence into a hollow tree, and removed a plastic film canister. He opened the plastic canister and appeared to take something out before replacing the canister in the hollow tree. The defendant then walked back to the red car, which drove off shortly thereafter.
Approximately one hour later, a white or grey car drove into the defendant’s driveway. The defendant again approached the car before walking to the wooded area and retrieving the film canister. IsHe removed the top, emptied the contents into his hands, picked out what appeared to be a cocaine rock, replaced the other rocks in the canister, and put the canister back into the hollow tree. The defendant then approached the white or grey car, which left shortly thereafter. A few minutes after the second car had left, the deputies seized the plastic film canister and arrested the defendant. Inside the canister, the deputies discovered eight rocks of what appeared to be crack cocaine. The rocks were of a size which would sell for approximately $40.00. A search of the defendant’s person yielded just over $500.00 in cash, but no drugs. The following day, the defendant’s house was searched, but no drugs were located. Subsequent testing revealed that the rocks inside the film canister contained cocaine.
At the trial, Deputies Cutrer and Metz described their surveillance of the defendant’s residence. They indicated that they were hidden in the wooded area only about fifteen feet from the hollow tree containing the film canister. However, they admitted that, although the defendant on both occasions appeared to retrieve a cocaine rock from the film canister and return to the vehicle parked in his driveway, they did not actually witness a transaction or exchange between the defendant and the occupant(s) of either of the cars.
ASSIGNMENT OF ERROR No. ONE
In this assignment of error, the defendant contends that the trial court erred in denying the post-trial motions on the basis that they were not timely filed. The motions to which the defendant refers are his motions for a *20 new trial and post-verdict judgment of acquittal.
The defendant was convicted on September 21, 1993. The trial court ordered post-trial motions to be filed within ten days and set a hearing date for October 7, 1993. In fact, the defendant filed his motion for a new trial on September 30, 1993. However, on October 6, 1993, the defendant filed a “motion to extend delay for filing post-trial motion” and a motion for post-verdict judgment of acquittal. The trial court wrote “denied” on both of Lthese motions. On the motion for post-verdict judgment of acquittal, the trial court also wrote that the delay for filing post-verdict motions had passed.
In his brief to this court, the defendant complains that the trial court denied the motions for new trial and post-verdict judgment of acquittal, at least in part, because they were not timely filed. We disagree. As noted above, the defendant’s motion for new trial was filed within the ten day delay set by the trial court; and the court gave no indication that this motion was untimely. Furthermore, despite the trial court’s written comments denying the motion for post-verdict judgment of acquittal on the basis that it was not timely filed, a review of the transcript of the hearing on these post-trial motions clearly indicates that the trial court considered the merits of both motions before denying them. At the hearing, the trial court made no mention of denying either motion based upon untimeliness. On the contrary, the trial court allowed defense counsel to introduce physical evidence and testimony on the motion for new trial before denying it; and the trial court denied the motion for post-verdict judgment of acquittal on the basis that it believed the evidence was sufficient to support the conviction.
This assignment of error is meritless.
ASSIGNMENT OF ERROR No. TWO
In this assignment of error, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821;. State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall 15evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 40:967 A. (1) provides, in pertinent part:
... it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II; ...
Cocaine is a controlled dangerous substance listed in LSA-R.S. 40:964 Schedule II A. (4).
At the time of the instant offense, the term “distribute” was defined in LSA-R.S. 40:961(13) as follows:
“Distribute” means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner. “Distributor” means a person who delivers a controlled dangerous substance as herein defined.
At the time of the instant offense, the term “deliver” was defined in LSA-R.S. 40:961(9) as “the transfer of a controlled dangerous substance whether or not there exists an agency relationship.” The jurisprudence has defined “deliver” as transferring possession or control. State v. Parker, 536 So.2d 459, 463 (La.App. 1st Cir.1988), writ denied, 584 So.2d 670 (La.1991).
*21 In his brief to this court, the defendant contends that the evidence was insufficient to prove that a distribution occurred. We agree. While Deputies Cutrer and Metz observed the defendant on two separate occasions walk up to a car, walk back to the hidden canister of cocaine, remove something, and return to the car, they did not actually see a transaction or any form of delivery take place. Therefore, while there is direct evidence that the defendant possessed cocaine, there is only circumstantial evidence that the defendant distributed cocaine. It is true that the defendant was in possession of over five hundred dollars in cash | (¡when he was arrested. Furthermore, a search of the defendant’s person after the arrest revealed no cocaine rocks. The defendant’s house was searched the day after his arrest, but no drugs were located.
Based upon the evidence adduced at the trial, the most likely explanation of the defendant’s conduct is that he was distributing cocaine. When a purchaser pulled into his driveway, the defendant briefly conversed with him, walked back to the hidden canister of cocaine and retrieved the amount to be sold, and then returned to the vehicle and conducted the transaction. However, the circumstantial evidence is not sufficient to exclude other reasonable hypotheses of innocence. For instance, it is entirely possible that, when each of these two cars drove up, a cocaine transaction was anticipated but for some reason not completed. Perhaps the defendant’s price was too high and each potential buyer simply drove away without purchasing any cocaine. This scenario is entirely possible since the deputies were not in a position to actually witness a transaction or delivery. The State failed to prove what actually happened to the cocaine rocks which the deputies observed the defendant retrieve from the film canister. The deputies did not have the defendant in their view during the entire period of surveillance. While it is highly probable that the defendant sold the cocaine rocks which he retrieved from the film canister, it is also possible that instead of selling them he used them himself, hid them elsewhere, or discarded them before his arrest. Therefore, on the record before us, we must find that the circumstantial evidence in this case was not sufficient to prove, beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of distribution of cocaine.
Accordingly, the defendant’s conviction of distribution of cocaine is reversed; and the sentence therefor is vacated. However, since the evidence does not support the charged offense, but does support a conviction for a lesser and included offense, this court is authorized to enter a judgment of guilty of the 17lesser included responsive offense. See LSA-C.Cr.P. art. 821 E.; State v. Byrd, 385 So.2d 248, 251-253 (La.1980). The defendant clearly possessed a film canister containing rocks of crack cocaine, as established by the direct evidence herein.
After a careful review of the record, we find that the State proved beyond a reasonable doubt that the defendant committed the offense of possession of cocaine. Therefore, the defendant’s conviction of distribution of cocaine is hereby modified to a judgment of possession of cocaine; and this matter is remanded to the trial court for resentencing on the modified judgment of conviction. Upon resentencing, the trial court shall give the defendant credit for time served. See LSA-C.O.P. art. 880; State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
ASSIGNMENT OF ERROR No. THREE
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a new trial. The defendant’s motion for new trial was based on three grounds: (1) the verdict was contrary to the law and evidence; (2) the defendant has discovered, since the verdict of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; and (3) the ends of justice would be served by granting a new trial. The first ground for a new trial, that the verdict was contrary to the law and evidence, actually refers to the sufficiency of the evidence (as did the defendant’s motion for post-verdict judgment of acquittal) and was addressed in assignment of error number two. Despite *22 the language used in the motion for new trial, grounds two and three both referred to alleged newly discovered evidence of photographs, videotape, and testimony regarding the location of the crime scene. Furthermore, we note that denial of the motion for a new trial based on the interests of justice (LSA-C.Cr.P. art. 851(5)) is not reviewable on appeal. State v. Walder, 504 So.2d 991, 994 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987).
In a motion for new trial based upon the discovery of new and ^material evidence, the burden is on the defendant to show that the new evidence was not discoverable prior to or during trial and that, if the evidence had been introduced at trial, it probably would have caused the trier of fact to reach a different verdict. LSA-C.Cr.P. art. 851(3); State v. Spears, 504 So.2d 974, 979 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987). In evaluating whether or not the newly discovered evidence warrants a new trial, the test to be employed is not simply whether another jury might bring in a different verdict, but whether or not the new evidence is so material that it ought to produce a verdict different from that rendered at trial. Spears, 504 So.2d at 979. Furthermore, the trial court’s decision on a motion for new trial will not be disturbed absent a clear abuse of discretion. State v. Revere, 572 So.2d 117, 141 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991).
For the reasons which follow, we find no abuse of discretion by the trial court in denying the defendant’s motion for a new trial. First, we question whether or not the evidence introduced at the motion for new trial (photographs, videotape, and testimony regarding the location of the crime scene) could be characterized as “newly discovered” because defense counsel conceded he was aware of the evidence before trial. By way of explanation at the motion for new trial hearing, defense counsel stated:
And since the trial we have also discovered some evidence which we attempted to discover before trial but we could not get it for trial due to some delay in development of photographs. And we got those photographs several days after the trial and we’d like to also present those to the Court for consideration in this Motion.
Essentially, the photographs, videotape, and testimony introduced at the hearing on the motion for new trial sought to establish that Deputies Cutrer and Metz could not possibly have conducted surveillance from the same location as described in their trial testimony. Even if the evidence could have been characterized as newly discovered, the defendant failed to establish that it was of such a character that it would probably produce a different verdict at a retrial, especially in light of the modified judgment of guilty of possession of cocaine entered therein. Accordingly, we find no error in the trial court’s refusal to grant a new trial.
This assignment of error is meritless.
PATENT ERROR
This court has held that, before a defendant pleads guilty or stipulates to the charges in an habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the habitual offender bill of information, his right to be tried as to the truth thereof, and his right to remain silent. See LSA-R.S. 15:529.1 D. (1). Otherwise, such failure on the part of the trial court constitutes reversible patent error requiring that the habitual offender adjudication and sentence be vacated. See State v. Griffin, 525 So.2d 705, 707 (La.App. 1st Cir.1988). In the instant ease, while the trial court informed the defendant of the right to counsel, the right to a hearing, the right of confrontation, and the right against self-incrimination, the defendant was not advised of the specific allegations in the habitual offender bill of information before he pled guilty or stipulated to the charge therein. Therefore, since the trial court did not fully comply with LSA-R.S. 15:529.1 D. (1), by failing to inform the defendant of the specific allegations in the habitual offender bill, we must vacate the habitual offender adjudication and remand for further proceedings.
CONCLUSION
For the above and foregoing reasons, the defendant’s conviction of distribution of co- *23 eaine and sentence therefor are set aside. The matter is remanded to the trial court with instructions to enter a judgment of guilty of possession of cocaine and to sentence defendant accordingly. Moreover, defendant’s adjudication as a habitual offender is vacated and the matter is remanded for further proceedings.
CONVICTION MODIFIED AND SENTENCE SET ASIDE; REMANDED WITH INSTRUCTIONS. HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
FOIL, J., dissents. I would affirm the trial court.