668 So.2d 1132 (1996)
STATE of Louisiana
v.
Leonard CUMMINGS.
No. 95-K-1377.
Supreme Court of Louisiana.
February 28, 1996.
*1133 Richard P. Ieyoub, Attorney General, George H. Ware, Jr., District Attorney, Jesse Lafayette Means, Jr., Clinton, Samuel Christopher D'Aquilla, Jackson, for Applicant.
Lon Elbert Robertson, William H. Ritzie, Jr., Baton Rouge, for Respondent.
MARCUS, Justice.
In January, 1993, the West Feliciana Parish Sheriff's Office received information that defendant was selling narcotics from his residence in St. Francisville. A six month investigation of defendant was commenced. On June 3, 1993, at approximately 3:00 p.m., Deputy Ivy Cutrer and Deputy Randy Metz conducted a surveillance operation of defendant's residence. The two deputies, dressed in camouflage clothing, positioned themselves in a wooded area near an abandoned house approximately one hundred feet away from defendant's house. Defendant arrived home at approximately 4:30 p.m. and began doing work in his yard. At approximately 5:30 p.m., a red car drove up to defendant's residence. Defendant went to the car and spoke to the occupants. The deputies then observed defendant walk to a tree approximately fifteen feet away from their position and reach into a hole near its base. Defendant extracted a small film canister from the tree *1134 and removed what appeared to be a rock of cocaine from the canister. He then replaced the canister in the tree and walked back to the red car. He remained at the car very briefly, then the car drove away. Approximately one hour later, the officers observed an off-white or grey vehicle stop in front of defendant's residence. Defendant went over to the car, then went back to the tree and retrieved the canister. He removed one rock from the canister and placed the canister back into the tree. Defendant returned to the vehicle, and the vehicle left shortly thereafter.
A few minutes later, the deputies placed defendant under arrest. They seized the plastic film canister and discovered eight rocks, which later scientific testing revealed to be crack cocaine. A search of defendant's person revealed he was carrying just over $500 in cash, but no drugs. His house was searched the following day, but no drugs were located.
Defendant was subsequently charged with distribution of cocaine in violation of La.R.S. 40:967. At trial, Deputy Cutrer and Metz testified that they had a clear view of what happened at the tree, since they were only fifteen feet away. However, they admitted that they did not see any exchanges take place between defendant and the persons in the cars. At the conclusion of the trial, the jury found defendant guilty as charged. The state then filed a multiple offender bill of information charging defendant as a second offender. Defendant initially entered a plea of not guilty to the multiple offender bill, then withdrew his plea and admitted to being a second felony offender. Defendant was sentenced to fifteen years at hard labor.
Defendant appealed his conviction and sentence. The court of appeal, in a 2-1 decision, reversed defendant's conviction for distribution of cocaine. Although the court admitted that the "most likely" explanation for defendant's conduct was that he was distributing cocaine, it found the evidence was not sufficient to prove beyond a reasonable doubt that defendant was guilty of distribution of cocaine. However, the court found the evidence did support a conviction for the lesser and included offense of possession of cocaine and entered a judgment of guilty as to this offense. The court also found patent error in the trial court's failure comply with the notice requirements of La.R.S. 15:529.1D(1)(a) in connection with the multiple bill. Accordingly, the court vacated defendant's adjudication as a multiple offender and remanded the matter to the trial court to enter a judgment of guilty of possession of cocaine and sentence defendant accordingly.[1] Upon the state's application, we granted certiorari to consider the correctness of that decision.[2]
The main issue presented for our consideration is whether there was sufficient evidence to support defendant's conviction for distribution of cocaine.
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Carmouche, 508 So.2d 792 (La.1987); State v. Garcia, 483 So.2d 953 (La.1986). It is not the function of an appellate court to assess credibility or reweigh the evidence. State v. Stowe, 93-2020 (La. 4/11/94), 635 So.2d 168.
*1135 Turning to the facts of the present case, the state established that the sheriff's office received information that defendant was selling narcotics from his residence. After a six month investigation, a surveillance was set up. The deputies participating in the surveillance testified that two vehicles stopped in front of defendant's residence at separate times. Each time, the deputies observed defendant go to the tree, remove what appeared to be a rock of crack cocaine from the canister in the tree and return to the car, which then drove away. A subsequent search of the canister revealed that it contained eight rocks of cocaine; whereas the search of defendant's person and house revealed no drugs. Therefore, although the deputies did not observe the actual transfer, their testimony based on their direct observations established that defendant talked to the driver of the vehicle, removed a rock of cocaine from the canister, walked to the waiting car with the rock, and did not have any drugs on his person or in his house when he returned from the car, but did have a sizable sum of cash on his person.
In order to prove distribution of cocaine, the state had to prove that defendant transferred possession or control of the rocks of cocaine to his intended recipients. State v. Martin, 310 So.2d 544 (La.1975). Under the circumstances presented, we find that the state met its burden of proof, that is, viewing the evidence in the light most favorable to the prosecution, a rational fact-finder could have found, beyond a reasonable doubt, that defendant transferred possession or control of the rocks of cocaine to his intended recipients. The court of appeal erred in holding otherwise.
However, we find the court of appeal correctly vacated the trial court's multiple offender adjudication and sentence. La.R.S. 15:529.1D(1)(a) provides that after the district attorney files a multiple offender bill against a defendant, the court "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." In the present case, the transcript indicates that although defendant withdrew his plea of not guilty and admitted to being a second offender, the trial judge never advised him of the allegations in the bill and his right to be tried as to the truth of the allegations. Defendant did not admit that the allegations of the bill were true, nor did the state establish defendant's multiple offender status by competent evidence. Accordingly, defendant's multiple offender adjudication and sentence must be vacated, and the case remanded for a new sentencing hearing. On remand, no new multiple bill need be filed. Defendant may be adjudicated and sentenced as a second felony offender upon proper compliance with La.R.S. 15:529.1.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it sets aside defendant's conviction for distribution of cocaine. Defendant's conviction for distribution of cocaine is reinstated. In all other respects, the judgment of the court of appeal is affirmed. The case is remanded to the district court to hold a new sentencing hearing in accordance with La.R.S. 15:529.1.
NOTES
[1] 94-0933 (La.App. 1st Cir. 5/5/95), 656 So.2d 17.
[2] 95-1377 (La. 11/3/95), 661 So.2d 1369.