LOLLEY, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo. Leamon Pouncy (“Pouncy”) was tried by jury and convicted as charged of second degree murder, and he now appeals. For the following reasons, Pouncy’s conviction and sentence are affirmed.
Facts
The factual accounts in this case contain slight discrepancies by those who witnessed the events. However, the record indicates that in the early morning hours of September 15, 2000, Pouncy, Curtis Monroe (“Monroe”), Chevelle Hamilton (“Hamilton”), Darrell Hollingsworth (“Hollingsworth”), and Shermoin Ellis (“Ellis”) were hanging out at a neighborhood grocery store. The victim, Frederick Davis (“Davis”), drove up in his mother’s vehicle and tried to talk with Pouncy. The conversation between the two was not overheard by anyone, but during a police interview Pouncy stated that he told Davis to meet him at a house on Looney Street. Apparently, there was some animosity between the group of men and Davis, with the belief being held that Davis was involved in a neighborhood robbery and drive-by shootings targeting the members of the group.
The group of men walked around the corner to the house on Looney Street, where the previous robbery and at least one of the previous drive-by shootings occurred. Davis arrived shortly thereafter. He called for Pouncy to come to him at the edge of the driveway, but Pouncy refused and told Davis to meet him under the carport. When Pouncy approached Davis, he was confronted by the group and a fight ensued. Hamilton and Hollingsworth “jumped” Davis. According to Pouncy, both Monroe and Hamilton had guns, but he did not witness either man draw his weapon or fire his weapon. In his statement to police, Pouncy claimed that he attempted to break up the fight, but someone hit Davis with a pistol. Pouncy stated at that time Davis was being held, but he then broke loose and that was when Poun- *389 cy shot Davis with a pistol. Pouncy claimed that Davis was still “tussling” with the other men, so he shot him again. Pouncy claimed his third shot was aimed at the ground, but conflicting statements reveal that another witness, Gabriel Davenport (“Davenport”), walked up on the scene and instructed Pouncy to shoot him again, and that was when Pouncy fired the third shot. Davis was pronounced dead on the scene. Pouncy told police that after the shooting he “broke down” his gun in four pieces and threw one piece over a bridge in Bossier City, Louisiana, another piece going toward Cross Lake in Shreveport, and the other two pieces were discarded in a body of water as he drove over the Texas Street Bridge between Shreveport and Bossier City.
After a month-long investigation, Poun-cy was arrested in Dallas, Texas, brought back to Shreveport and charged with second degree murder. After a jury trial, Pouncy was found guilty as charged and then sentenced to the mandatory term of life in prison without the benefit of parole, probation or suspension of sentence. Pouncy now appeals his conviction and sentence.
Discussion
On appeal, Pouncy argues that the evidence at trial was insufficient to support a conviction of second degree murder.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.02/28/96), 668 So.2d 1132; State v. Hunter, 33,066 (La.App.2d Cir.09/27/00), 768 So.2d 687, writs denied, 2000-3070 (La.10/26/01), 799 So.2d 1150, 2001-2087 (La.04/19/02), 813 So.2d 424. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.09/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.03/28/03), 840 So.2d 566, 2002-2997 (La.06/27/03), 847 So.2d 1255.
Louisiana R.S. 14:30.1(A) states, in pertinent part:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
*390 (2)(a) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnaping, second degree kidnaping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Here, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of second degree murder beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Cummings, supra; State v. Hunter, supra; State v. Smith, supra. The state presented the testimony of two witnesses to the crime, Monroe and Ellis. Although there were slight inconsistencies in their testimony, both witnesses testified that Pouncy shot Davis while there was a break or pause in the fight that was going on between Davis, Monroe, and Hollingsworth. The inconsistencies mainly revolved around who struck Davis in the head with a pistol. Monroe testified that Hamilton struck Davis with a pistol. Ellis testified that Pouncy struck Davis with a pistol. Pouncy’s taped statement gave credit to Monroe’s version of the factual account regarding who struck Davis with the pistol. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, supra. Monroe and Ellis testified that Davis repeatedly asked his attackers what was going on and specifically asked Pouncy not to shoot him again. Both Monroe and Ellis testified that Pouncy then shot Davis again and at that point Davis fell to the ground. Ellis testified that Pouncy shot Davis a third time after Davenport came up and shouted for Pouncy to “shoot” and “kill” Davis. Both witnesses testified that Davis was lying on the ground when Pouncy fired the third shot. Neither of the witnesses testified that Davis was armed.
In this instance, the testimony of Ellis and Monroe established that: (1) Davis was not a threat to Pouncy; (2) Davis was not armed; (3) Davis did not provoke Pouncy; and (4) Pouncy was the aggressor. Pouncy failed to produce any evidence during the trial to show that he was provoked into shooting Davis. The testimony along with the fact that Pouncy disassembled and discarded the murder weapon, fled the state, initially lied about being at the scene of the crime, and then fully confessed to shooting Davis (with no mention of Pouncy being in any imminent danger or being angry or upset when he committed the crime) were enough for a reasonable trier of fact to find Pouncy guilty of the crime of second degree murder. The state showed that Pouncy, if not having the intent to kill, definitely had the intent to inflict great bodily harm upon Davis. This assignment is, therefore, without merit.
For the foregoing reasons, the conviction and sentence of Leamon Pouncy are hereby affirmed.
AFFIRMED.