981 So.2d 825 (2008)
STATE of Louisiana, Appellee
v.
Tommie L. TUCKER, Appellant.
No. 43,167-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*827 W. Jarred Franklin, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Lea Hall, Jr., Brady O'Callaghan, John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
The defendant was charged with felony carnal knowledge of a juvenile in violation of La. R.S. 14:80. The jury convicted him as charged and he was sentenced to five years' imprisonment at hard labor with credit for time served. The trial court denied defendant's motions for a post-verdict judgment of acquittal and reconsideration of sentence. The defendant now appeals his conviction and sentence. For the following reasons, his conviction and sentence are affirmed.

Facts
The defendant, Tommy L. Tucker ("Tucker"), admitted sexual intercourse with the victim, C.R.R., who was fifteen years old when the offending conduct occurred on April 17, 2005. Tucker was fifty years of age. Tucker lived in the same apartment complex as C.R.R.'s grandmother, and when C.R.R. visited her grandmother, she first met him. This led to the incident of sexual activity between the defendant and the victim.
On April 17, 2005, C.R.R. was outdoors with her family at their home. As the family went inside, C.R.R., who apparently had been talking to Tucker on her cell phone, "disappeared," according to her parents. They later summoned the police, who treated C.R.R. as a juvenile runaway. The search eventually wound up at Tucker's Park Place apartment where the police apprehended C.R.R. by establishing contact with her on her cell phone and thereafter arrested Tucker after he admitted his sexual activity with her. The police relinquished C.R.R.'s custody back to her parents. Tucker was booked and sent to jail.
At trial, the victim described the events surrounding her departure from the family home on April 17, 2005. Her brother was aggravating her, so she decided to walk to her grandmother's house without her parents' permission. Tucker picked her up and persuaded her to come to his apartment before going to her grandmother's. C.R.R. described Tucker's attempt to coerce her into sexual activity, and when *828 she told him no and tried to walk away, he pushed her with both hands, causing her to fall on the floor. When she stood up, he pushed her again onto the bed, where he removed her pants and engaged in sexual intercourse. Two more instances of sexual intercourse occurred that night and she stayed in the apartment all night. She testified that when she tried to leave, the noise she made walking on the floor scared her, and she was afraid of Tucker. She tried to call her brother using her cell phone. She testified that she was fifteen years old when the offense occurred and that she told Tucker how old she was.
Shreveport Police Department Officer Allison Azlin responded to C.R.R.'s parents' call on April 18, 2005, for a juvenile runaway. Officer Azlin met with family members on Mertis Street, and contacted the victim on her cell phone. After C.R.R. gave the police officer a false address on another street, but while the officer was still talking to C.R.R., other officers were knocking on the doors in the apartment complex where C.R.R.'s grandmother resided. When Officer Azlin heard the knocking coming through C.R.R.'s cell phone, she radioed the officers and the apartment of C.R.R.'s location was determined. Thereafter, Officer Azlin went to Tucker's apartment and found him and C.R.R. inside.
Shreveport Sex Crimes Unit Police Detective Paula Moreno investigated this crime subsequent to Tucker's arrest for the offense. Her recorded interviews with Tucker and C.R.R. were played for the jury. Moreno testified concerning Tucker's admission of sexual intercourse with the victim, although he stated his belief that she was of age. On cross-examination, her testimony indicated she understood C.R.R. to say that she and Tucker had consensual sex multiple times beginning about a month before the April 17, 2005 incident.
The defendant testified on his own behalf. He stated that C.R.R. left her cell phone number on his apartment door in March, 2005, around the time of his birthday. He called her and she came over, and this visit ended with sexual activity. C.R.R. told Tucker she was eighteen and enrolled at Southern University, and she showed him a college ID. Tucker testified that the victim stayed at his apartment the night before he was arrested and when C.R.R.'s mother called, C.R.R. did not want to talk to her. The following morning, C.R.R.'s father came to the apartment and told Tucker that the victim was only sixteen. C.R.R. refused to leave the apartment, the police arrived, and Tucker was arrested and taken to jail.

Discussion
Tucker's first assignment of error questions whether the state proved beyond a reasonable doubt that he was guilty of the offense of felony carnal knowledge of a juvenile.
La. R.S. 14:80(A)(1) provides that felony carnal knowledge of a juvenile is committed when a person nineteen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender. Lack of knowledge of the juvenile's age shall not be a defense. La. R.S. 14:80(C). Emission is not necessary, and penetration, however slight, is sufficient to complete the crime. Id.
The defendant argues that he acted reasonably to determine the victim's age but was deceived and this deception resulted in a miscarriage of justice. Secondly, he argues that the state failed to affirmatively prove that C.R.R. was not Tucker's spouse.
*829 In State v. Granier, 99-3511 (La.7/6/00), 765 So.2d 998, the Supreme Court held that knowledge of the juvenile's age is not an element of certain crimes involving juveniles, including the crime of carnal knowledge of a juvenile. The court also upheld the constitutionality of that portion of the carnal knowledge of a juvenile statute providing that lack of knowledge of the juvenile's age shall not be a defense.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, supra, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La. App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wiltcher, 41,981 (La.App. 2d Cir.5/9/07), 956 So.2d 769; State v. Burd, 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La. 11/9/06), 941 So.2d 35.
The evidence adduced in the instant case is more than sufficient under Jackson for the jury to rationally conclude that all of the elements of the crime were proved beyond a reasonable doubt. Tucker's age was established without contradiction, and C.R.R.'s age was established by her and her mother. The jury was free to credit their testimony rather than Tucker's *830 testimony concerning C.R.R.'s fake identification and her mother's alleged statement that she was nineteen. C.R.R.'s own testimony established that she was not married to the defendant, and his lack of knowledge of the victim's age cannot serve as a defense. Accordingly, this assignment of error is without merit.
Tucker's second assignment of error argues that the sentence imposed by the trial court was excessive for this offense and this offender. The defendant argues that the five-year hard labor sentence is excessive considering that his prior record consists of only one conviction for misdemeanor theft in 1982, which the trial court described as inconsequential. Further, he argues that his alleged ignorance of C.R.R.'s underage status should be considered in mitigation of his sentence. Defendant also points out the discrepancy between C.R.R.'s statement to Detective Moreno suggesting the consensual nature of the sexual contact and her court testimony to the contrary.
The trial court articulated the facts of this case and considered the presentence investigation, including its consideration of mitigating factors, such as Tucker's history of cancer and treatment for morphine addiction. Nevertheless, the trial court noted the following:
Now, I do think that Mr. Tucker even at this point is really not getting it. He is really not the victim in this case because again he is over 50 years old. He can very well have grandchildren the age of this young victim. The only victim in the room is [C.R.R.] and I think her family are victims as well because this has  this has extended to them.
She was in the 8th grade ... when this happened and what Mr. Tucker has advised me in testimony is that he thought she must be young or retarded that next morning I guess when they talked.
Finally, the trial court considered that the harm done to the victim's self-esteem which would interfere with her development as an adolescent.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. *831 App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
La. R.S. 14:80(D) provides:
Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
Our review of the record reflects that the trial court adequately articulated the reasons for choosing defendant's sentence and thus complied with the requirements set forth in La.C.Cr.P. art. 894.1. The court was familiar with Tucker's personal history, including his age, marital status, medical history and work history. The court described Tucker's criminal history as inconsequential and, significantly, focused on the seriousness of the instant offense. Obviously, the trial court discredited Tucker's assertions about his belief C.R.R. was not a minor and his efforts to determine her age, and could refuse to accept these as factors in mitigation when sentencing the defendant.
This is not a case in which the offender and the victim were close in age, or one in which the trial court could have found that the perpetrator could have reasonably believed that the victim was of the age of majority. Instead, in this case there was a significant difference in the age between the adolescent girl and the middle-aged man. Therefore, the mid-range sentence the trial court imposed here can easily rest on the sexual abuse of a child by the middle-aged adult. The sentence does not shock our sense of justice. Accordingly, this assignment of error lacks merit.

Conclusion
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.