STATE OF LOUISIANA, Appellee
v.
BOBBY GLENN SIMS, Appellant.
No. 44,284-KA.
Court of Appeals of Louisiana, Second Circuit.
June 24, 2009.
Not Designated for Publication
W. JARRED FRANKLIN, Louisiana Appellate Project, Counsel for Appellant.
CHARLES R. SCOTT, District Attorney, JASON BROWN, SUZANNE OWEN, Assistant District Attorneys, Counsel for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
Bobby Glenn Sims was convicted of possession of cocaine in an amount greater than 28 grams but less than 200 grams in violation of La. R.S. 40:967F(1)(a). Pursuant to a plea agreement Sims was adjudicated a second felony offender and was sentenced to 20 years' imprisonment without benefit of parole, probation, or suspension of sentence. Sims appeals his conviction. We affirm.

Facts
After receiving a call from a concerned citizen who reported that Sims was selling large quantities of drugs from a certain room in a Shreveport hotel, officers from the Caddo Parish Sheriff's Office set up surveillance. Shortly after the surveillance began, officers noticed different individuals entering and leaving the room. Traffic stops effectuated on some individuals who left the hotel exposed all to be in possession of cocaine. According to those stopped, the cocaine had been purchased in the targeted room of the hotel.
Sims and another individual left the hotel traveling in a vehicle; Sims was the front seat passenger in the vehicle. After the driver committed a traffic violation, officers attempted to stop the vehicle but the driver did not immediately stop. Once the stop was made, Sims and the driver were removed from the vehicle. While conducting the pat-down search of Sims, an officer felt a hard object in the crotch of the defendant's pants. The object was removed and upon examination determined to be a large piece of aluminum foil containing 22 individually foil-wrapped pieces and a small piece of plastic containing what laboratory tests later determined to be crack cocaine. Police also recovered $1,475 from Sims. At the scene, the items weighed 46.2 grams and tested presumptively positive for cocaine. Sims was arrested and eventually charged with possession of cocaine in an amount greater than 28 grams but less than 200 grams. Sims waived his right to a jury trial, and after a bench trial he was found guilty as charged. The state then charged Sims as a fourth felony offender. Sims entered a plea agreement to a second felony offender adjudication. In accordance with the plea agreement, the trial judge sentenced the defendant to 20 years at hard labor without benefit of probation, parole or suspension of sentence. The defendant now appeals his possession of cocaine conviction.

Discussion
On appeal Sims argues that the state failed to present sufficient evidence to prove that he was in possession of the quantity of narcotics required for a conviction of the charged offense. Specifically, he urges that the state presented no evidence at trial which indicated that the alleged cocaine was ever weighed independently of the packaging material or that established the accuracy of the scales used. Sims also argues that the state failed to present testimony from the lab chemist who weighed the cocaine.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Tate, 01-1658 (La. 5/20/03), 851 So. 2d 921, cert. denied, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); State v. Cummings, 95-1377 (La. 2/28/96), 668 So. 2d 1132; State v. Murray, 36,137 (La. App. 2d Cir. 8/29/02), 827 So. 2d 488, writ denied, 02-2634 (La. 9/05/03), 852 So. 2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La. 2/22/06), 922 So. 2d 517; State v. Robertson, 96-1048 (La. 10/4/96), 680 So. 2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La. 10/16/95), 661 So. 2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Hill, 42,025 (La. App. 2d Cir. 5/9/07), 956 So. 2d 758, writ denied, 07-1209 (La. 12/14/07), 970 So. 2d 529.
To find one guilty of possession of cocaine in an amount in excess of 28 grams, the state must prove that the defendant knowingly or intentionally possessed cocaine and that the amount of cocaine possessed was between 28 and 200 grams. La. R.S. 40:967 C and F(1)(a); State v. Montgomery, 42,835 (La. App. 2d Cir. 1/9/08), 974 So. 2d 110; State v. Lewis, 42,365 (La. App. 2d Cir. 9/19/07), 965 So. 2d 971.
During trial of this matter, the state presented testimony of two officers connected with the case. Sergeant Karl Townley of the Caddo Parish Sheriff's Office testified he received a call from a "concerned citizen" on November 15, 2005, advising him that Sims was distributing large amounts of cocaine out of a room at a Shreveport hotel. Shortly thereafter, surveillance was set up on the room. After a brief period, the officers observed "a lot of traffic to the room" when at least 10 individuals went in and out of the room within a 10-minute period. Traffic stops were effectuated on some of those leaving the room and of those who were stopped, all were found to be in possession of cocaine and reported the cocaine was purchased from the targeted location.
After continued surveillance, officers saw the defendant leave the room with another individual named "Gray." Gray was driving the vehicle and Sims was the front seat passenger. After Gray committed a traffic violation, officers attempted to stop the vehicle. Sgt. Townley testified that the driver did not stop immediately so he pulled his unmarked vehicle in front of Gray's vehicle to effectuate the stop. Gray and Sims were removed from the vehicle and a pat-down search was conducted on each of them. During the pat-down, a large piece of aluminum foil containing "numerous rocks of cocaine" was found in the crotch of Sims's pants. The defendant was Mirandized before telling the officers that he found the cocaine in the room, under the mattress, and planned to smoke it. The cocaine was weighed and field tested by Sgt. Townley. The contents of the package field tested a "presumptive positive for cocaine." Sgt. Townley stated he actually weighed the confiscated material at the scene and it weighed 46.2 grams which included the foil and "a little piece of plastic baggy."
On cross-examination, Sgt. Townley stated that Sims did not appear to be under the influence of any drugs at the time of his arrest. Sims did not tell Sgt. Townley that he had been smoking the cocaine prior to his arrest.
Deputy James McLamb, of the Caddo Parish Sheriff's Office, testified he assisted with the surveillance and arrest of Sims. Deputy McLamb was in the unit that attempted to make the initial stop of Gray's vehicle. Once the vehicle was stopped, Deputy Lamb conducted the patdown search of Sims. The deputy felt a hard object between the defendant's legs and believed it to be contraband. The item was removed and it was found to contain "tinfoil wrapped packages of crack cocaine" which the deputy identified at trial.
Without objection, the state offered into evidence the certified crime lab report from the Northwest Louisiana Crime Lab which reported the weight of the cocaine found on Sims to be 39.53 grams.
Sims also testified on his own behalf. The defendant stated he left his home after he and his stepfather had an argument, so he needed to rent a room. Sims testified he found the cocaine under the mattress in his hotel room. After finding the drugs, the defendant smoked about an "eight ball." Sims claimed that he left the room after about two hours. His friend Gray was driving the vehicle when they noticed the police had activated their lights behind the car. Once the vehicle was stopped, Sims was removed from the car and searched. The cocaine was found inside of his shorts. Sims admitted that the officers took the cocaine as well as $1,475 in cash which he claimed he got from gambling. On cross-examination, Sims admitted he was going to smoke the cocaine found in his possession. He stated he found the drugs in the room and admitted it was "a large amount of cocaine" that was "well over 28 grams."
When viewed in the light most favorable to the state, this evidence is sufficient to convict Sims of possession of cocaine in an amount greater than 28 grams but less than 200 grams. With the officers' testimony that the seized cocaine was found in the defendant's pants at the time he was frisked and Sims admitting his possession of the cocaine with the intent to smoke it, the only contested issue is the actual weight of the cocaine.
Sgt. Townley testified that the evidence seized from Sims and tested at the crime scene tested presumptively positive for cocaine and weighed 46.2 grams, well in excess of the 28 grams required for a conviction on the charged offense. The state introduced the cocaine and its packaging seized from the defendant as well as the crime lab report indicating that the substance tested positive for cocaine and was 38.94 grams in total weight. Testimony of officers regarding the amount of cocaine as well as the state's introduction into evidence of the actual cocaine is sufficient to satisfy the elements of possession and the quantity of the cocaine. State v. Branch, 30,733 (La. App. 2d Cir. 7/6/98), 714 So. 2d 1277, writ denied, 98-2359 (La. 1/8/99), 734 So. 2d 1227. Additionally, Sims admitted that the cocaine found on his person was well over 28 grams. The defendant's corroboration of the testimony of the officers and the crime lab report is sufficient to establish the weight element of the offense even without the testimony of a lab employee. Sims's argument is without merit.

Decree
For the foregoing reasons, Sims's conviction and sentence are affirmed.
AFFIRMED.