925 So.2d 618 (2006)
STATE of Louisiana
v.
Wayne MACON.
No. 2005-KA-0960.
Court of Appeal of Louisiana, Fourth Circuit.
February 1, 2006.
*619 Eddie J. Jordan, Jr., District Attorney, Yolanda J. King, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Rudy W. Gorrell, Lafayette, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR., Judge ROLAND L. BELSOME).
Judge ROLAND L. BELSOME.

STATEMENT OF CASE
By a bill of information dated September 16, 2003, the State charged Wayne Macon with unauthorized use of a motor vehicle as prescribed by La. R.S. 14:68.4. On January 18, 2004, the case was tried to a jury, and the defendant was found guilty as charged.
On January 25, 2005, a hearing was held on the defendant's motion for post verdict judgment of acquittal. During argument presented on the motion, the assistant district attorney alerted the court to the fact that at the time the automobile was recovered the victim, Arvilla Kern ("Miss Kern"), had long before settled with her insurance company. The trial court noted that the information raised an issue, regarding who was the victim at the time the defendant was in possession of the vehicle, the insurance company or Miss Kern. At that point, the trial court converted the defendant's motion for judgment of acquittal to a motion for new trial and granted the motion. The State appealed.

STATEMENT OF FACT
At trial, Sergeant Dan Anderson ("Sergeant Anderson") of the New Orleans Police Department explained that the vehicle identification number ("VIN") plate is attached to the dashboard in the left-hand corner below the windshield and cannot be removed without removing the dash and cutting the rivets that secure the plate. Sergeant Anderson further explained that the VIN plate on the vehicle driven by the defendant appeared to be partially raised and that the rivets appeared to be glued to the VIN plate. Sergeant Anderson identified the VIN plate that was removed from the vehicle and noted that the rivet heads were still attached owing to the fact that they had been cut and the heads glued on.
*620 Next, Sergeant Anderson stated that, in what is referred to as a numbers job, a criminal will acquire a junked car and remove the VIN plate and then steal a car of similar make and model. The criminal will then cut the VIN plate off the stolen vehicle and replace it with the VIN plate and license plate from the salvaged car.
However, Sergeant Anderson testified that in addition to the VIN plate there are additional confidential numbers located on the vehicle for identification purposes. After Sergeant Anderson arrived on the scene, he discreetly obtained the car's confidential identification. Once the VIN number was run, it was determined that the car had been stolen.
Miss Kern testified that she owned a blue 1996 Chevrolet Lumina that was stolen on January 16, 2002. She stated that about a year and half later the police came to her house and reported that her car had been recovered. Miss Kern stated that the police informed her that they were able to identify the car through the VIN. She stated that she did not know the defendant and did not give him permission to use her car.
Detective Mitch Weatherley testified that on March 17, 2003, he and his partner observed a vehicle run a stop sign at the intersection of Annette Street and Villere Street in New Orleans. They got behind the vehicle and observed that it did not have a license plate. When they activated their lights, the vehicle sped up and came to an abrupt stop on the curb. The driver then exited the vehicle and began running. Detective Weatherly gave chase and apprehended the defendant in an abandoned lot approximately 150 to 200 yards away.
Upon inspection of the vehicle Detective Weatherley observed that the rivets had been glued onto the VIN plate and that the plate itself had been glued to the dashboard. Unable to determine the vehicle's true VIN, the detective contacted Sergeant Anderson who subsequently identified the VIN.
After being arrested the defendant told Detective Weatherley that he had exchanged two pieces of crack cocaine for the use of the vehicle, that he was aware that the vehicle was a numbers job, and that he had seen the vehicle being driven around for about six months. Mr. Macon stated that he made the exchange with a Troy Lewis, and he provided a cell number for Troy Lewis' cousin. The detectives were unable to contact this individual.

LAW AND ANALYSIS
The State appeals the trial court's ruling granting the defendant's motion for a new trial. Initially, the State contends that the trial court erred in converting defendant's motion for post verdict judgment of acquittal into a motion for new trial. The State noted that it could not find any precedent that supported the trial court's action. The same is also true as to jurisprudence that contravenes such action. In light of the fact that there was nothing preventing the defendant from filling a motion for new trial after the hearing, we find that it is not in the interest of judicial economy to grant the State's appeal on that issue and remand the case to allow the defendant to file a subsequent motion for new trial; therefore we address the substantive issue of the motion for new trial.
The State challenges the trial court's ruling on substantive grounds as well. Specifically, La.C.Cr.P. art. 851 provides that a new trial shall be granted on motion of the defendant whenever, among other reasons:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been *621 introduced at the trial it would probably have changed the verdict or judgment of guilty; . . . .
La.C.Cr.P. art. 851(5) also mandates the granting of a new trial when:
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
A review of the record reflects that the trial court granted a new trial based on the defendant's argument regarding the insufficient identification of the subject vehicle, by Miss Kern. Miss Kern was provided only a VIN. At no time was she presented a picture of the vehicle or taken to identify it while the police had it in their custody. The defendant argued that two VIN plates were found on the vehicle, and even the confidential VIN could have potentially came from another vehicle. Furthermore, it was also determined at the hearing that at the time the defendant was found driving the vehicle, Miss Kern was no longer the owner of the vehicle. Miss Kern had settled with her insurance company.
La. R.S. 14:68.4 states in pertinent part: "[u]nauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent . . ." Once the insurance company settled with Miss Kern they became the owner of the vehicle and ultimately the party to be named on the bill of information. The insurance company should have been the party to properly identify the vehicle and establish that the defendant was not authorized to use the vehicle. By not presenting testimony from the owner of the vehicle, at the time the defendant had the vehicle in his possession, the State failed to establish the unauthorized use of the vehicle.
After the hearing the district court summed up its reasoning, "I think based on everything now that has come [out] in this matter, the interest of justice is such that the defendant at the very least ought to have another trial in this case." The decision to grant a motion for new trial is in the discretion of the trial court, the ruling will only be disturbed for clear abuse of that discretion. State v. Baker, 2000-2520 (La.App. 4 Cir. 11/21/01), 801 So.2d 1196; State v. Wolfe, 738 So.2d 1093 (La.App. 4 Cir. 4/21/99), cert denied 529 U.S. 1115, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). This court does not find any abuse of discretion on the part of the trial court.
Answering the State's appeal, the defendant raises the assignment of error that the trial court erred in denying his motion for post verdict judgment of acquittal. Ordinarily, such a claim would properly be raised by filing a writ or upon defendant's appeal after sentencing. However, in the interest of judicial economy, the claim should be addressed.
"A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." La.C.Cr.P. art. 821(B). A motion for post verdict judgment of acquittal raises the question of sufficiency of the evidence. See State v. Thibodeaux, 98-1673, p. 12 (La.9/8/99), 750 So.2d 916, 926. Evidence is deemed to have been sufficient when, after viewing the evidence in the light most favorable to the prosecution, it is determined that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132.
This court finds that the defendant's argument fails to meet the burden set *622 forth for a post verdict judgment of acquittal.

CONCLUSION
Accordingly, the trial court's ruling granting defendant's motion for new trial is affirmed.
AFFIRMED.
CANNIZZARO, J., dissents with reasons.
I respectfully dissent from the majority opinion.
The trial court granted the new trial based on the defendant's argument regarding the insufficient identification of the subject vehicle by Ms. Kern. Specifically, Ms. Kern identified the vehicle by the vehicle identification number (VIN) rather than by a photograph or in person while the vehicle was in police custody. The defendant argued that two VIN plates were found on the vehicle, and it was possible that the confidential VIN could have come from another vehicle. However, there is no testimony from Sergeant Anderson, who discovered the confidential VIN, to this effect and the defendant offered no evidence of such. Under these circumstances, the trial court had no basis to conclude that the State's evidence regarding the vehicle identification was insufficient. Furthermore, if the evidence regarding the vehicle identification was insufficient then the trial court should have granted the defendant's motion for a post judgment verdict of acquittal.
The trial court also found merit to the defendant's argument that the State had the wrong victim's name on the bill of information, i.e., Ms. Kern rather than the insurance company. If the defendant is entitled to a new trial on that basis, as the majority concludes, then he is entitled to have the case against him dismissed because to try him again for the same crime would amount to double jeopardy. Moreover, the record contains no evidence to show that the title to the vehicle had in fact changed and that the insurance company was the owner of the vehicle. Even if the insurance company had settled Ms. Kern's insurance claim for the stolen vehicle prior to the police officers' apprehending the defendant and the vehicle, for purposes of La. R.S. 14:68.4 the victim was still the person to whom the vehicle belonged, i.e., Ms. Kern.
Finally, I submit that in light of the defendant's admission that he had exchanged crack cocaine for the use of the vehicle and was aware that the vehicle was a numbers job, any evidence regarding an insurance settlement would not likely have changed the verdict.
Accordingly, for the above reasons, I believe the trial court abused his discretion in granting the defendant a new trial and would remand the matter to the trial court for sentencing, reserving to the defendant his right to appeal his conviction and sentence.