STATE OF LOUISIANA
v.
WAYNE MACON
No. 2008-KA-0532
Court of Appeals of Louisiana, Fourth Circuit
July 23, 2008
KEVA LANDRUM-JOHNSON District Attorney, ORLEANS PARISH ALYSON GRAUGNARD Assistant District Attorney, Orleans Parish Nick SlaterLegal Intern University of North Carolina School of Law New Orleans, LA, COUNSEL FOR THE STATE OF LOUISIANA
LAURA M. PAVY, LOUISIANA APPELLATE PROJECT New Orleans, LA COUNSEL FOR WAYNE MACON.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, Jr., Judge Pro Tempore Moon Landrieux
MAX N. TOBIAS, Jr. Judge.
By a bill of information dated 16 September 2003, the state charged the defendant/appellant, Wayne Macon ("Macon"), with the unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. On 18 January 2004, the case was tried to a jury, and Macon was found guilty as charged. On 25 January 2005, Macon filed a motion for post verdict judgment of acquittal. A hearing was held on 2 February 2005 during which the assistant district attorney informed the court that at the time the automobile was recovered, the victim had long before settled with her insurance company. The trial court noted that this information raised the issue of whether the victim was rightfully the victim at the time Macon was in possession of the vehicle, as the insurance company was the owner of the vehicle and not the victim. At that point, the trial court converted Macon's motion for judgment of acquittal to a motion for new trial and granted the motion.
The state moved for and was granted an appeal which Macon answered. This court affirmed the trial court's ruling granting the motion for new trial, but found that Macon's assignment of error, that the trial court should have granted the motion for judgment of acquittal, was without merit. State v. Macon, 05-0960 (La. App. 4 Cir. 2/1/06), 925 So. 2d 618. The state petitioned the Louisiana Supreme Court for a writ of certiorari, which was granted, and the Court reversed this court's ruling, reinstated the jury's verdict, and remanded the matter for resentencing. State v. Macon, 06-481 (La. 6/1/07), 957 So. 2d 1280.
On 7 September 2007, the trial court sentenced Macon to serve six years and eight months at hard labor. On 9 October 2007, Macon filed a motion to reconsider sentence. On 7 November 2007, the state filed a multiple bill. On the same day, the trial court heard oral argument in connection with Macon's motion to reconsider sentence and then held the matter in abeyance. On 2 January 2008, the court conducted the multiple offender hearing and found that Macon was not guilty of being a multiple offender. The court then amended Macon's sentence to be sixteen months at hard labor with credit for time served and to run concurrently with all other sentences being served. The state did not object.
This timely appeal followed, in which Macon only requests a review of the record for errors patent.
The facts of this case, as set forth in this court's opinion in the first appeal, are as follows:[1]
At trial, Sergeant Dan Anderson ("Sergeant Anderson") of the New Orleans Police Department explained that the vehicle identification number ("VIN") plate is attached to the dashboard in the left-hand corner below the windshield and cannot be removed without removing the dash and cutting the rivets that secure the plate. Sergeant Anderson further explained that the VIN plate on the vehicle driven by the defendant appeared to be partially raised and that the rivets appeared to be glued to the VIN plate. Sergeant Anderson identified the VIN plate that was removed from the vehicle and noted that the rivet heads were still attached owing to the fact that they had been cut and the heads glued on.
Next, Sergeant Anderson stated that, in what is referred to as a numbers job, a criminal will acquire a junked car and remove the VIN plate and then steal a car of similar make and model. The criminal will then cut the VIN plate off the stolen vehicle and replace it with the VIN plate and license plate from the salvaged car.
However, Sergeant Anderson testified that in addition to the VIN plate there are additional confidential numbers located on the vehicle for identification purposes. After Sergeant Anderson arrived on the scene, he discreetly obtained the car's confidential identification. Once the VIN number was run, it was determined that the car had been stolen.
Miss Kern testified that she owned a blue 1996 Chevrolet Lumina that was stolen on January 16, 2002. She stated that about a year and half later the police came to her house and reported that her car had been recovered. Miss Kern stated that the police informed her that they were able to identify the car through the VIN. She stated that she did not know the defendant and did not give him permission to use her car.
Detective Mitch Weatherley testified that on March 17, 2003, he and his partner observed a vehicle run a stop sign at the intersection of Annette Street and Villere Street in New Orleans. They got behind the vehicle and observed that it did not have a license plate. When they activated their lights, the vehicle sped up and came to an abrupt stop on the curb. The driver then exited the vehicle and began running. Detective Weatherly gave chase and apprehended the defendant in an abandoned lot approximately 150 to 200 yards away.
Upon inspection of the vehicle Detective Weatherley observed that the rivets had been glued onto the VIN plate and that the plate itself had been glued to the dashboard. Unable to determine the vehicle's true VIN, the detective contacted Sergeant Anderson who subsequently identified the VIN.
After being arrested the defendant told Detective Weatherley that he had exchanged two pieces of crack cocaine for the use of the vehicle, that he was aware that the vehicle was a numbers job, and that he had seen the vehicle being driven around for about six months. Mr. Macon stated that he made the exchange with a Troy Lewis, and he provided a cell number for Troy Lewis' cousin. The detectives were unable to contact this individual.
Macon, pp. 1-3, 925 So. 2d at 619-20.
ASSIGNMENT OF ERROR AND ERRORS PATENT REVIEW
By his sole assignment of error, Macon requests a review of the record for patent errors. Such review shows there are none.
Appellate counsel for Macon filed a motion to withdraw as counsel. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), as interpreted by this Court in State v. Benjamin, 573 So. 2d 528 (La. App. 4 Cir. 1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La. 12/12/97), 704 So. 2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because counsel believes, after a conscientious review of the record, that no non-frivolous issue for appeal exists. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the his counsel's brief was forwarded to Macon, and this court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this court's review is limited to errors on the face of the record. La. C.Cr.P. art. 920.
As per State v. Benjamin, this court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Macon was properly charged by bill of information with a violation of La. R.S.14:68.4, and the bill was signed by an assistant district attorney. Macon was present and represented by counsel at arraignment, during trial, and at sentencing. The jury's verdict and Macon's sentence are legal in all respects. Furthermore, the evidence was sufficient to prove him guilty of the offense charged, a determination made by this court when it considered Macon's assignment of error that the trial court should have granted his motion for judgment of acquittal. See Macon, 05-0960 at p. 6, 925 So. 2d at 621-22, and affirmed by the Supreme Court, see Macon, 06-481 at p. 11, 957 So. 2d at 1287.
Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports Macon's appeal. Therefore, we affirm Wayne Macon's conviction and sentence, and we grant appellate counsel's motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] The facts as set forth in the Supreme Court's opinion can be found at State v. Macon, 06-481, pp. 1-3, 8-10, 957 So. 2d at 1282-83, 1286-87.